Filed 8/19/20  P. v. Wright CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN LAWRENCE WRIGHT,<br><br>    Defendant and Appellant. | 2d Crim. No. B303503<br>(Super. Ct. No. GA082955)<br>(Los Angeles County) |

This is appellant's second appeal in this matter.  Steven Lawrence Wright appeals from the judgment entered after we had remanded the matter to the trial court with directions to exercise its discretion whether to strike sentencing enhancements.  Appellant does not claim that, on remand, the trial court abused its discretion.  He claims that the court's minute order and abstract of judgment do not correctly reflect its oral pronouncement of judgment on remand.

"In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment."  (*People v. Scott* (2012)

203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We direct the trial court to correct the minute order and abstract of judgment so that they conform to the oral pronouncement of judgment. In all other respects, we affirm.

*Procedural History*

On count 1 appellant was convicted of first degree murder. On count 2 he was convicted of attempted first degree murder. As to each count, the jury found true allegations (1) that a principal had intentionally discharged a firearm causing death or great bodily injury within the meaning of Penal Code section 12022.53, subdivisions (d) and (e)(1),[1] and (2) that the offense had been committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). The trial court found true allegations that appellant had been convicted of a prior serious felony within the meaning of section 667, subdivision (a)(1), and a prior serious or violent felony within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) He was sentenced to prison for an aggregate term of 130 years to life plus a consecutive five-year term for the prior serious felony conviction.

Appellant appealed from the judgment. In an unpublished opinion, we remanded the matter to the trial court with directions to exercise its discretion whether to strike in furtherance of justice (§ 1385) the section 12022.53 firearm

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

enhancements and the five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)(1)). In all other respects, we affirmed the judgment. (*People v. Wright* (Dec. 19, 2018, B281115) pp. 16-17.)

As to count 2 (attempted first degree murder), on remand the trial court reduced the section 12022.53, subdivisions (d) and (e)(1) firearm enhancement to a section 12022.53, subdivisions (c) and (e)(1) enhancement. Because of this reduction, the consecutive term imposed for the enhancement was shortened from 25 years to life to a straight 20 years. The trial court declined to strike the firearm enhancement on count 1 or the prior serious felony conviction.

Accordingly, on remand the new sentence was as follows: count 1 – 25 years to life for first degree murder, doubled to 50 years to life because of the strike, plus a consecutive term of 25 years to life for the section 12022.53, subdivisions (d) and (e)(1) firearm enhancement, for a total of 75 years to life; count 2 – a consecutive term of 15 years to life for attempted first degree murder, doubled to 30 years to life because of the strike, plus a consecutive term of 20 years for the section 12022.53, subdivisions (c) and (e)(1) firearm enhancement, plus a consecutive term of 5 years for the prior serious felony. The aggregate term on both counts was 105 years to life plus a consecutive term of 25 years. The court ordered, "[A]ny additional fines or fees that have not already been paid will be stayed."

*Minute Order*

The trial court's minute order correctly shows that appellant was sentenced to a total of 75 years to life on count 1. As to count 2, it also correctly shows that appellant was

3

sentenced to a term of 30 years to life for attempted first degree murder. But it erroneously says that on count 2 the court imposed a consecutive term of 25 years to life for the section 12022.53, subdivisions (d) and (e)(1) firearm enhancement. It should have said that the court imposed a consecutive term of 20 years pursuant to section 12022.53, subdivisions (c) and (e)(1). It also erroneously says that "count 01 shall run consecutive to count 02." The court ordered that count 2 shall run consecutively to count 1. Finally, the minute order says that, as to count 2, the court struck the section 667, subdivision (a)(1) prior serious felony conviction enhancement. The court declined to strike this enhancement. It imposed a consecutive five-year term for the prior serious felony.

*Abstract of Judgment*

The abstract of judgment is also erroneous. It shows that on count 1 the trial court imposed a 50-year term for the firearm enhancement pursuant to section 12022.53, subdivisions (d) and (e)(1). The court imposed an enhancement of 25 years to life. It also shows that the court imposed a sentence of 25 years to life for the first degree murder conviction. Because of the prior strike, the 25-year-to-life sentence was doubled to 50 years to life. Item 1 on page 1 of the abstract of judgment fails to show that the sentence on count 2 is consecutive to the sentence on count 1. Also on page 1, the trial court failed to check the boxes in item 8 to show that appellant was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12," i.e., the Three Strikes scheme. Finally, although the court stayed any fines and fees that had not yet been paid, item 9 on page 2 of the abstract of judgment shows that appellant

4

is obligated to pay a restitution fine of $300, a court security fee of $40, and a criminal conviction assessment of $30.[2]

### Disposition

The matter is remanded to the trial court with directions to correct the minute order as follows: (1) the sentence on count 2 runs consecutively to the sentence on count 1, not the other way round; (2) on count 2 the court imposed a consecutive term of 20 years pursuant to section 12022.53, subdivisions (c) and (e)(1), not 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1); (3) on count 2 the court imposed a five-year consecutive term for the prior serious felony (§ 667, subd. (a)(1); and (4) the aggregate term on both counts 1 and 2 is 105 years to life plus a consecutive term of 25 years.

---

[2] The court said it was staying fines and fees because appellant "does not have the ability to pay based on his incarceration." The court's minute order shows that the fines and fees were stayed because of "defendant's inability to pay per authority of *People v. Duenas* (2019) 30 Cal.App.5th 1157." (Italics added.) The People do not contest the validity of the trial court's order staying fines and fees. They assert, "The abstract of judgment should be corrected to reflect that these fines and fees were stayed."

The trial court erroneously assumed that appellant's incarceration deprived him of the ability to pay fines and fees. "[G]oing forward we know he will have the ability to earn prison wages over a sustained period. (See *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 . . . [ability to pay includes a defendant's ability to obtain prison wages].) The idea that he cannot afford to pay $370 while serving [a life] prison sentence is unsustainable." (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.) Because neither party has briefed the validity of the court's order staying fines and fees, we do not reverse the order. (See Gov. Code, § 68081.)

The trial court is also directed to correct the abstract of judgment as follows:  (1) In item 1 on page 1, the sentence imposed on count 2 (attempted first degree murder) is consecutive to the sentence imposed on count 1 (first degree murder).  (2) In item 6 on page 1, for first degree murder in count 1 the trial court imposed a sentence of 50 years to life, not 25 years to life.  (3) In item 2 on page 1, on count 1 the trial court imposed a 25-year-to-life enhancement pursuant to section 12022.53, subdivisions (d) and (e)(1), not a 50-year enhancement. (4) In item 8 on page 1, the appropriate boxes shall be checked to show that appellant was sentenced pursuant to "PC 667(b)-(i) or PC 1170.12."  (4) Item 9 on page 2 shall show that appellant is not obligated to pay a restitution fine, court security fee, or criminal conviction assessment.

In all other respects, the judgment on remand is affirmed. The trial court shall send a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.


6

Michael D. Carter, Judge

Superior Court County of Los Angeles

_____

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.